UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAREL KLARENBEEK,

        **Plaintiff,**

v.                          **Case No: 6:23-cv-1085-PGB-RMN**

GEICO GENERAL INSURANCE
COMPANY,

        **Defendant.**

_____/

## ORDER

This cause comes before the Court on Defendant GEICO General Insurance Company's ("**GEICO**") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 6). Plaintiff Karel Klarenbeek ("**Plaintiff**") replied in opposition or in the alternative, moved to remand the case if the Court determines it lacks subject matter jurisdiction. (Doc. 18). GEICO opposes remand. (Doc. 24). Upon due consideration, Plaintiff's Motion to Remand (Doc. 18) will be granted in part and denied in part,[1] and Defendant's Motion to Dismiss (Doc. 6) is thus due to be denied as moot.

---

[1]    In addition to remand, Plaintiff requests the Court award respective attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (Doc. 18, pp. 15–16). While the Court is due to grant remand, the Court denies Plaintiff's request for associated attorney's fees and costs.

## I.   BACKGROUND

On March 23, 2018, Plaintiff was driving in Brevard County, Florida when another car crashed into him, causing severe and permanent injuries. (Doc. 18, p. 2). A little more than a year later, he sued the driver for negligence and his insurer, GEICO, for benefits under his $10,000 underinsured motorist ("**UM**") policy, which the insurance company refused to pay. *Id.* The driver accepted a settlement offer from Plaintiff before trial, but GEICO did not. *Id.* On June 18, 2021, a jury returned a nearly $1,045,000 verdict against GEICO—well in excess of the UM policy limits. *Id.* GEICO and Plaintiff then engaged in a series of disputes regarding the final judgment in terms of the total amount after setoffs and some language limiting execution of the judgment to the $10,000 policy limit, which have so far prevented entry of a final judgment. (Doc. 18-2).

After a failed attempt to add the claim to his original complaint, Plaintiff filed the instant statutory bad faith insurance action on March 22, 2023, again in state court, alleging GEICO violated Fla. Stat. §624.155 by failing to timely pay out or settle his claim under his UM policy. (Doc. 1-1). On June 9, 2023, GEICO removed the case to this Court under 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction. (Doc. 1). Five days later, GEICO moved to dismiss arguing the bad faith claim is premature since final judgment has not yet been entered in the underlying coverage dispute. (Doc. 6). Plaintiff responded in opposition and alternatively moved to remand the case to state court under 28 U.S.C. § 1447, which

2

GEICO contested. (Docs. 18, 24). With briefing complete, the matter is due for consideration.

## II.    STANDARD OF REVIEW

Title 28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (holding the existence of subject-matter jurisdiction is a prerequisite to proper removal). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* at 411. The removing party bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review. *Digit. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). "The doctrine seeks to avoid entangling courts in the hazards of premature adjudication." *Id.* "Ripeness is an issue of subject matter jurisdiction" and so a district court must remand a case to state court when the underlying claim

3

is not yet ripe. *Bauknight v. Monroe County*, 446 F.3d 1327, 1331 (11th Cir. 2006) (citing *Reahard v. Lee County*, 30 F.3d 1412, 1418 (11th Cir. 1994)).

## III.   DISCUSSION

As a threshold matter, GEICO may only seek remand of a case on removal for lack of subject matter jurisdiction, not dismissal. 28 U.S.C. § 1447(c). Congress made clear in drafting the removal statute that in the event subject matter jurisdiction is lacking, "the case shall be remanded." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007) (noting § 1447(c) "unambiguously demonstrates that a case can . . . suffer from a failing in subject-matter jurisdiction *that requires remand*"); *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1359 (11th Cir. 2021). Accordingly, the Court will evaluate GEICO's argument against subject matter jurisdiction as matter of remand, despite the insurer's opposition to it. *See Univ. of S. Ala.*, 168 F.3d at 410 ("[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction.").

GEICO advances the proposition that Plaintiff's statutory bad faith claim is unripe. (Doc. 6). "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Digit. Props.*, 121 F.3d at 589. A case is unfit for adjudication where it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up). Under Florida law, a statutory bad faith claim is contingent on "a

determination of the full extent of the insured's damages" in the underlying UM action. *Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1224–25 (Fla. 2016).

Here, GEICO claims a full determination of damages has not occurred because a final judgment has not been docketed in the underlying UM action, nor has the insurer exhausted its appeals of that judgment. (Doc. 6, pp. 3–4; Doc. 24, pp. 11–12). Plaintiff responds that while a final judgment has not been entered, a jury has rendered a verdict, and the state court has orally ruled on the final judgment's contents—including the total amount of damages. (Doc. 18-2, 18:4–25). Based on the hearing transcript and GEICO's proposed final judgment order, there does not appear to be a genuine dispute about the amount of the final judgment that shall be filed. (*Id.*; Doc. 18-4). GEICO even relied on the jury's verdict to determine the amount in controversy establishing diversity jurisdiction in its removal petition. (Doc. 1, ¶ 6). Even so, the bad faith action is still contingent on a determination that is not yet set in stone. Further, the Eleventh Circuit ruled decades ago that that the appellate process must be complete before a statutory bad faith claim is ripe—since an appeal could ultimately change the damages total. *Romano v. Am. Cas. Co. of Reading*, 834 F.2d 968, 970 (11th Cir. 1987). For a similar reason, a sister court in this district found that a bad faith claim is unripe "until a final judgment is entered," even though the underlying UM case had been tried and a jury had returned a verdict. *Jenkins v. Allstate Ins. Co.*, No. 5:08-CV-285-OC-10-GRJ, 2008 WL 4934030, at *2 (M.D. Fla. Nov. 12, 2008) (ordering remand for lack of subject matter jurisdiction).

For purposes of Article III, Plaintiff's bad faith action is unripe because the damages determination on which the action depends has not fully crystalized. *See id.* Accordingly, the Court lacks subject matter jurisdiction and shall remand the case. 28 U.S.C. § 1447(c). In reaching this determination, the Court only addresses whether it has federal jurisdiction to adjudicate Plaintiff's bad faith action, not the propriety or maturity of the action as a matter of Florida law. *Univ. of S. Ala.*, 168 F.3d at 410 (holding "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue"). GEICO urges the Court to dismiss Plaintiff's bad faith action anyway because the claim is improper under state law and therefore it is futile to send it back to state court. (Doc. 6, pp. 7–11). But the Eleventh Circuit expressly holds remand for lack of subject matter jurisdiction "is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court." *Univ. of S. Ala.*, 168 F.3d at 410 (indicating a district court has no authority to dismiss a removed claim without subject matter jurisdiction). GEICO's Motion is therefore moot.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that:

1.    Plaintiff's Motion to Remand (Doc. 18) is **GRANTED IN PART AND DENIED IN PART**.[2]

---

[2]    As stated *supra*, the Court declines to award Plaintiff attorney's fees and costs associated with the remand pursuant to 28 U.S.C. § 1447(c). Simply put, the Court does not find that Defendant lacked an objectively reasonable basis for removal. *See generally Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005).

2.      GEICO's Motion to Dismiss (Doc. 6) is **DENIED as moot**.

3.      This action is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida.

4.      The Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida.

5.      The Clerk is further **DIRECTED** to close the case.

**DONE AND ORDERED** in Orlando, Florida on November 7, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

7